# Exhibit E

**BRENT A. LEVISON, P.A.**
**8918 ABBOTT AVENUE**
**SURFSIDE, FLORIDA 33154**
**305 308 0384**

November 28, 2011

<u>Via E-mail</u>

E. Glen Nickle
Associate General Counsel
Overstock.com, Inc.

Dear Mr. Nickle,

I am responding to your November 7, 2011 correspondence to Zbiddy.com concerning use of "Overstock Auction" or related terms. Please note as I indicated previously, Zbiddy.com does not send "Overstock Auction" or related terms in e-mails to potential customers as Zbiddy.com's marketing is operated and handled by companies with no affiliation or association with Zbiddy.com. That being said, for the reasons set forth below, Zbiddy.com vehemently disagree with your allegations of trademark infringement and potential consumer confusion.

First, your representation in your November 7, 2011 letter that your company has federal trademark rights in and to "Overstock Auction" or "Overstock.com Auctions" or related terms arising from longstanding use of that term is disingenuous, at best. Your company has filed no less than four (4) separate trademark applications with the United Stated Patent & Trademark Office over the course of the past six (6) years, or from 2005-2010, for that term in various formats (Serial No.'s 78475068, 78754615, 85163134 and 85163132), on AN INTENT TO USE BASIS, meaning that no use of this term, in ANY FORMAT, has occurred that would give rise to any alleged common law rights. Moreover, your web site notes that the auction service feature is not available. As a result, no common law rights could have arisen since there has been absolutely no use of this term by your company. In fact, as late as October 2010, you swore under oath to the USPTO that there was no use of this alleged trademark (Serial No.'s 85163132 and 85163134). As a result, since there has been no use of your alleged trademark for "Overstock.com Auctions" or related terms, there can be no common law rights arising from such, contrary to the representations in your November 7, 2011 correspondence that you have used that term for "several years".

Second, all four of your trademark applications for "Overstock Auctions" in varying formats, have been denied by the USPTO over the course of the past six (6) years, on grounds that those terms are merely descriptive and thus do not give rise to any trademark rights. In particular, as recently as July 15, 2011, the USPTO examining attorney, in your trademark

1

application Serial No. 85163132 for "Overstock.com Auctions", issued a final denial of your application for "Overstock.com Auctions" under section 2(e) of the Lanham Act, on ground that the applied for mark is merely descriptive. In issuing its final refusal under section 2(e) for "Overstock.com Auctions", the July 15, 2001 office action provided that:

> Registration has been refused on the Principal Register because the applied-for mark merely describes the applicant's services. Trademark Act Section 2(e)(1), 15 U.S.C. §1052(e)(1); *see* TMEP §§1209.01(b), 1209.03 *et seq.* ... **the proposed mark describes the fact that applicant is providing auctions of surplus or overstock items** (emphasis added)...[I]n the present case, the evidence of record leaves no doubt that the mark is merely descriptive. **Applicant asserts that its consumers are sophisticated and thus would see the mark as suggestive and not descriptive of the services. A mark is suggestive if some imagination, thought or perception is needed to understand the nature of the goods and/or services described in the mark; whereas a descriptive term immediately and directly conveys some information about the goods and/or services. (emphasis added).** *In re Steelbuilding.com*, 415 F.3d 1293, 1297, 75 USPQ2d 1420, 1422 (Fed. Cir. 2005); TMEP §1209.01(a); *see In re Shutts*, 217 USPQ 363, 364 (TTAB 1983). The examining attorney has carefully considered applicant's arguments **and remains unpersuaded.** The average internet user is likely to attribute the ordinary dictionary definitions of the terms OVERSTOCK and AUCTIONS to the terms in the mark. Given the fact that the services include auctions of overstock items, the proposed mark OVERSTOCK.COM AUCTIONS **immediately informs consumers about the nature of the services.** ... For all of the foregoing reasons, the refusal is maintained and registration on the Principal Register is refused under Section 2(e)(1) of the Trademark Act.

Similarly, your trademark application for "Overstockauctions.com", serial no. 8516364 was denied on the same grounds, i.e., 2(e) for merely descriptiveness. In that application the examining attorney noted, in rejecting your application, that

> A mark is merely descriptive if it describes an ingredient, quality, characteristic, function, feature, purpose or use of the specified goods and/or services. TMEP §1209.01(b); *see In re Steelbuilding.com*, 415 F.3d 1293, 1297, 75 USPQ2d 1420, 1421 (Fed. Cir. 2005); *In re Gyulay*, 820 F.2d 1216, 1217-18, 3 USPQ2d 1009, 1010 (Fed. Cir. 1987). **The term OVERSTOCK means excess supply of something. The word AUCTIONS identifies the generic name for the services, on-line *auction* services.** (emphasis added) Please see attached definitions. The mark combines the descriptive term OVERSTOCK and the generic term AUCTIONS with the term .COM. The top-level domain (TLD) ".com" merely indicates an Internet address for use by commercial, for-profit organizations and, in general, adds no source identifying significance. *See, e.g., In re 1800MATTRESS.COM IP LLC*, 586 F.3d 1359, 1364, 92 USPQ2d 1682, 1685 (Fed. Cir. 2009); *In re Hotels.com, L.P.*, 573 F.3d 1300, 1301, 1304, 91 USPQ2d 1532, 1533, 1535 (Fed. Cir. 2009); *In re Oppedahl & Larsen LLP*, 373 F.3d 1171, 1175-77, 71 USPQ2d 1370, 1373-74 (Fed. Cir. 2004); *see also* TMEP §§1209.03(m), 1215.01....**In this case, both the individual components and the composite result are descriptive of**

applicant's services and do not create a unique, incongruous or nondescriptive meaning in relation to the services. ... **When two or more descriptive terms are combined, the composite mark may be merely descriptive if (1) the individual terms retain their descriptive significance within the composite mark, and (2) the composite mark creates no new or incongruous meaning** *or unique commercial impression* **as applied to the goods and/or services.** (emphasis added) *See In re Petroglyph Games, Inc.*, 91 USPQ2d 1332, 1341 (TTAB 2009) (holding BATTLECAM merely descriptive for computer game software with a feature that involve battles and provides the player with the option to utilize various views of the battlefield); *In re Cox Enters.*, 82 USPQ2d 1040, 1043 (TTAB 2007) (holding THEATL the equivalent of THE ATL, a common nickname for the city of Atlanta, merely descriptive of publications featuring news and information about Atlanta); *In re Tower Tech, Inc.*, 64 USPQ2d 1314, 1317-18 (TTAB 2002) (holding SMARTTOWER merely descriptive of highly automated cooling towers); TMEP §1209.03(d). **Consumers viewing the proposed mark OVERSTOCKAUCTIONS.COM in connection with applicant's on-line auction services and organization of internet auction services would immediately know that applicant is providing on-line auction services relating to overstock items.** (emphasis added)... **Because the proposed mark OVERSTOCKAUCTIONS.COM describes the purpose or nature of the services, the mark is descriptive and registration must be refused under Section 2(e)(1) of the Trademark Act.** (emphasis added)

Further, in both instances above, you did not prove acquired distinctiveness through use and thus obtain registration in that manner. As set forth in the above portion of this letter, Overstock.com has not used the mark and thus has not met the requisites for acquired distinctiveness. Consequently, any arguments to trademark rights in and to "Overstock Auctions" or similar terms on grounds of "acquired distinctiveness" are ill founded.

Finally, assuming *arguendo* Overstock.com has some common law rights in or to "Overstocked Auctions" or related terms, any use of "overstock auctions" by companies engaging in marketing efforts on behalf of Zbiddy.com is merely descriptive, fair use and is used in a non-trademark sense. Moreover, your alleged rights in the highly generic and descriptive term "Overstock.com Auctions" and related marks do not provide Overstock.com with a monopoly over that term or otherwise prohibit legal, descriptive fair use. By choosing a descriptive term in which you allege you have rights, i.e., "Overstock" and "Overstock Auctions" or the like, you must live with the result that everyone else in the marketplace remains free to use that term in its original "primary" or descriptive sense. In fact, you have impliedly acknowledged this in your failure to oppose several trademark registrations and third party uses that contain your alleged marks or portions thereof (e.g. "Overstock Deals" Reg. No. 3694437 and "Overstockdeals.com" Reg. No. 3843994 owned by a subsidiary of The Home Depot).

The Lanham Act defines fair use when "the use of the ... term, or device charged to be an infringement is a use, otherwise than as a mark, ... of a term or device which is descriptive of and used fairly and in good faith only to describe the [defendant's] goods or services[.]" 15 U.S.C. § 1115(b)(4). **A junior user is always entitled to use a descriptive term in good faith in its primary, descriptive sense other than as a trademark.** *Bell v. Harley Davidson Motor Co.*,

3

539 F.Supp.2d 1249 (S.D. Cal. 2008) citing *Cairns v. Franklin Mint Co.,* 292 F.3d 1139, 1150–51 (9th Cir.2002) (quoting 2 *McCarthy on Trademark and Unfair Competition* § 11.45 (4th ed.2001)); *see New Kids on the Block v. News Am. Publ'g, Inc.,* 971 F.2d 302, 306 (9th Cir.1992) (classic fair use "forbids a trademark registrant to appropriate a descriptive term for his exclusive use and so prevent others from accurately describing a characteristic of their goods" (internal quotation omitted)). In *Bell v. Harley Davidson Motor Co.,* 539 F.Supp.2d 1249 (S.D. Cal. 2008), the court held that Harley Davidson's use of "ride hard" was fair use, and thus did not infringe on attitude apparel company's trademark of phrase in violation of Lanham Act. The Court found that the manufacturer did not use "Ride Hard" as a trademark to identify the source of its products and manufacturer only used "Ride Hard" descriptively. Like the defendant in Harley Davidson, we do not use the term "overstock auction" exclusively, nor do we use it as a stand along term or in a trademark sense.

Our third party's use of <u>overstocked_auction.s_Auctions@excellencemuscle.net in an electronic mail address is both necessary and lawful. It is necessary to use the term "auctions"</u> to describe a bidding auction process that customers are offered to participate in and use of the term "overstock" describes the excess supply inherent in the goods being auctioned. Use of that term is not in bad faith nor is it used to trade off any rights or consumer good will that Overstock.com may have created in its brand.

With respect to your claims of consumer confusion, considering the two million two hundred and twenty thousand hits on the search engine "Google" when entering the search query "Overstock Auctions", coupled with the over 140 records returned with the query "overstock" on the USPTO site, and the lack of any registration or consumer association demonstrated with your use of that term, it is highly unlikely that consumer confusion will arise.

I trust that this letter has adequately and sufficiently responded to your November 7, 2011 and all other previous correspondence on these issues.


Very truly yours,

Brent A. Levison

4